

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NOS. AP-76,000, AP-76,001 & AP-76,002

### EX PARTE PATRICK LEONDOS WALLER Applicant

### ON APPLICATIONS FOR WRITS OF HABEAS CORPUS
### CAUSE NOS. F-9056056-VI, F92-02560-JI, F92-40874-LI IN
### CRIMINAL DISTRICT COURT NO. 2 FROM DALLAS COUNTY

*Per curiam*.

### O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court these applications for writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded not guilty to an aggravated robbery charge in cause no. F92-40874-LI, but was convicted following a jury trial, and sentenced to life imprisonment. The Fifth Court of Appeals affirmed his conviction. *Waller v. State*, AP-05-93-00335-CR, (Tex. App. – Dallas, 1993) (not designated for publication). Applicant pleaded guilty to an aggravated kidnaping charge in cause no. F92-02560-JI and the trial judge assessed punishment of 30 years' confinement. The Fifth Court of Appeals dismissed his appeal. *See Waller v. State*, AP-

05-93-00333-CR, (Tex. App. – Dallas, 1993) (not designated for publication). Applicant was charged with the aforementioned offenses while he was on deferred adjudication probation in a possession of controlled substance case in cause number F-9056056-VI. Following the jury's conviction in the aggravated kidnaping case, the trial judge adjudicated Applicant's guilt, and assessed a sentence of 20 years' confinement. The Fifth Court of Appeals dismissed his appeal. *Waller v. State*, AP-05-93-00332-CR, (Tex. App. – Dallas, 1996) (not designated for publication).

In Writ Nos. WR-70,417-02 and WR-70,417-03, Applicant challenges his aggravated kidnaping and aggravated robbery convictions. Applicant contends he is actually innocent of these offenses as new DNA evidence shows that he did not commit the sexual assault underlying these offenses. He has submitted evidence showing that new DNA testing shows that another man committed the underlying sexual assault and that this man has confessed to committing these offenses. The trial judge has entered findings of fact and conclusions of law recommending that relief be granted on the basis of actual innocence. *Ex parte Elizondo*, 947 S.W.2d 202 (Tex. Crim. App. 1996); *Ex parte Tuley*, 109 S.W.3d 388 (Tex. Crim. App. 2002). The trial judge's findings are supported by the record. We grant relief on actual innocence grounds.

In Writ No. WR-70,417-01, Applicant challenges his possession of a controlled substance offense. He contends that the revocation of his deferred adjudication probation violated his due process rights as there is no evidence to support a finding that he violated the terms of his probation, but for the aggravated robbery offense which he has now shown he did not commit. The trial judge has entered findings of fact and conclusions of law recommending that relief be granted. We agree. We grant relief.

Relief is granted. The judgments in Cause Nos. F92-02560-JI and F92-40874-LI from

Criminal District Court No. 2 of Dallas County are set aside, and Applicant is remanded to the custody of the Sheriff of Dallas County to answer the charges against him. The trial court's judgment revoking community supervision in Cause No. F90-56056-VI is set aside and the Director of the Texas Department of Criminal Justice-Correctional Institutions Division is ordered to return Applicant to the custody of Dallas County for further proceedings by the trial court.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and Pardons and Paroles Division.


Delivered: September 24, 2008
Do Not Publish